EVERTON v. DAY.

Opinion delivered December 24, 1898.

1.  PAYMENTS—APPROPRIATION.—Under an agreement between a debtor and creditor that the creditor might appropriate all payments made by the debtor to any indebtedness due at the time of payment, the creditor was authorized to appropriate all such payments to the satisfaction of an account already due, before crediting any of them on a matured note. (Page 75.)

2.  LIMITATIONS—PART PAYMENT.—Where plaintiff settled part of his indebtedness on account to defendant by a note secured by a deed of trust, and thereafter made payments in excess of so much of the account as was not settled by note, all of which payments were by the creditor appropriated to the account, so much of the payments as was in excess of the unsecured account became a payment on the note, so that an action to foreclose the deed of trust, brought within five years thereafter, is not barred. (Page 76.)

3.  FOREIGN CONTRACT—PRESUMPTION.—The presumption is that a verbal contract, entered into in another state, to pay 8 per cent. interest on an account, is valid. (Page 76.)

Appeal from Lonoke Chancery Court.

THOMAS B. MARTIN, Chancellor.

*George Sibly*, for appellants.

The debt being barred, the deed of trust is also barred. Act March 25, 1898; 61 Ark. 115. The injunction prohibiting the sale did not prevent the commencement of an action for the debt, and hence did not stop the statute. 14 Ark. 496; 2 Am. & Eng. Ch. Cas. 587. To toll the statute, the exception must come strictly within those enumerated in the statute. 13 Am. & Eng. Enc. Law, 731, § 5, note; Angell, Lim. 196, note 3. Bringing the suit for injunction against appellees did not interrupt the statute. 42 S. W. 534; S. C. 64 Ark. 345; 42 S. W. 1068; S. C. 64 Ark. 412. The court erred in not directing a statement of account. The wife could not be a partner or joint maker with her husband. 43 Ark. 212; 56 Ark. 294. Her position was that of surety, and she was, therefore, entitled to all credits. 1 Jones, Mort. §§ 114 *et seq.*, 949 *et seq.* In the absence of pleading and proof, the court will presume the the Tennessee statute of usury to be like ours.

*Dodge & Johnson* and *Carroll & Pemberton*, for appellees.

The evidence shows that a note was executed for the amount secured in the deed of trust, and that a payment was made in January, 1891. The deed is not barred. The injunction was sufficient to interrupt the statute. Sand. & H. Dig. § 4844. The accounts were simple, and no reference was required. The deed of trust is sufficient to convey Mrs. Everton's interest. There is no presumption that the rate of interest in a sister state is the same as in ours. 46 Ark. 66; 50 Ark. 241.

BATTLE, J. On the 28th of February, 1888, B. F. Everton was indebted to Day, Horton & Bailey, on account, in a large sum of money; how much, they did not know, but estimated it at the sum of $1,000. Everton and his wife executed a note for this amount, due and payable on the 1st of October, 1888, in settlement of so much of such indebtedness; and Day, Horton & Bailey agreed to advance to him until the first day of April, 1889, goods, wares and merchandise not exceeding, at prices sold, the aggregate sum of $20,000; and, to secure the

payment of the promissory note and the amount that would be due for the goods, wares and merchandise to be advanced, Everton and his wife executed a deed of trust, and thereby mortgaged certain lands. It was stipulated in the deed of trust that Day, Horton & Bailey might appropriate all future credits in favor of Everton to the payment of any part of his indebtedness to them that may be due, and that the trustee shall have the power to sell the lands mortgaged in the event Everton failed to pay the indebtedness secured thereby in a stipulated time, upon giving a specified notice. All these contracts were entered into, and the note and deed of trust were executed, at Memphis, in the state of Tennessee, where Day, Horton & Bailey resided and did a mercantile business.

After the execution of the note, it was ascertained that Everton was indebted to Day, Horton & Bailey, on the 28th of February, 1888, in a sum much larger than one thousand dollars, which still remained in the form of a bank account, except as stated.

In pursuance of their agreement, Day, Horton & Bailey sold and delivered to Everton, at their place of business in Memphis, between the 28th of February, 1888, and the first of April, 1889, a large quantity of goods, wares and merchandise, and Everton made many payments, making the last payment on the 28th of January, 1891, all of which were credited on the account, notwithstanding the payments exceeded the amount of the account, exclusive of so much as was settled by the note. In the meantime, Horton withdrew from the partnership, and Day and Bailey succeeded to all his rights and interests in the firm, and continued the business under the style of Day & Bailey. Everton failing to pay them the balance due, the trustee advertised the lands for sale pursuant to the terms of the deed of trust, when Everton and his wife, on the 27th of June, 1891, instituted an action in equity against Day & Bailey and the trustee, and secured an order temporarily restraining the sale. Day & Bailey on the 20th of July, 1891. filed an answer and cross-complaint, and asked that the deed of trust be foreclosed; and Everton and his wife answered the cross-complaint, setting up, among other defenses, the five-years statute of limitations in bar of the action to foreclose; and the court, upon the final

hearing, dissolved the injunction, and rendered a decree in favor of Day & Bailey against Everton for the balance due them.

Was the action to foreclose the deed of trust barred? The note for $1,000 was obviously executed for the purpose of settling the account of Everton with Day, Horton & Bailey, and of changing the form of the indebtedness. Its effect was to segregate, merge and change as many of the first items of the account as amounted to $1,000 from an account into a note. When payments were thereafter made by Everton to Day & Bailey, and were credited by them on the account, the note was not affected thereby until the account was in that manner fully paid, when all moneys afterwards paid by Everton partly in discharge of his indebtedness to Day & Bailey, in excess of the account, became *ipso facto* a part payment of the note as of the date of its receipt by the creditors. In this way the account was first fully paid, and payments were afterwards made on the note, the last one being made on the 28th of January, 1891. Hence the balance which remained unpaid, an amount less than $1,000, was due upon the note; and the action to foreclose the deed of trust, having been brought within five years after the last payment, was not barred by the statute of limitations.

In pursuance of a verbal agreement, Day & Bailey charged Everton with interest on many of the items of his account, if not all, at the rate of 8 per cent. per annum, and credited him with interest at the same rate and in the same manner. He undertook to show, in his answer to the cross-complaint, that he was not bound to pay this interest, and, without denying the agreement, or that it was based upon a sufficient consideration, insisted that the charge was illegal, because the contract was made in Tennessee, and was governed by the laws of that state, which, as he alleges, require contracts for such a rate of interest to be in writing, and make them void, if they are not. But no evidence to prove the laws of Tennessee was adduced. In the absence of a statute requiring it, such contracts need not be in writing; and, inasmuch as the contract in this case is a Tennessee contract, the presumption, until the contrary is shown, is that it is valid.

Decree affirmed.

RIDDICK, J., absent.