RICH *v.* HANKINS.

4-6689                                    160 S. W. 2d 44

Opinion delivered March 23, 1942.

*Gus Causbie,* for appellant.

*Wiley F. Smith* and *Oscar E. Ellis,* for appellee.

HOLT, J. Appellant, J. Rich, on December 27, 1939, sued appellees in the Stone chancery court to foreclose a deed of trust executed January 9, 1924, to secure an indebtedness of $500. The debt was evidenced by three notes, all dated January 9, 1924, and each note drew interest from date until paid at the rate of eight per cent. per annum. Note No. 1 in the amount of $200 was due one year after its date, note No. 2 in the amount of $200 two years after date, and note No. 3 in the amount of $100 three years after date.

Appellees, Thomas W. Hankins and Lottie Hankins, his wife, defended on the grounds that they had paid note No. 1 and that notes No. 2 and No. 3 were barred by the five-year statute of limitation. Upon a trial, the court found the issues in favor of appellees, and this appeal followed.

Appellant is the owner of the debt, and deed of trust sued on by purchase and assignment.

The deed of trust was executed by appellees to secure a single indebtedness of $500, evidenced by the three notes in question, and, among other things, contains the following recitals: "This sale is on the condition that whereas, we are justly indebted to J. W. Dozier in the sum of five hundred dollars evidenced by three promissory notes, one for $200 due 1 year from date, one for $200 due 2 years after date and one for $100 due 3 years after date, all bearing 8% from date till paid,

and have agreed to pay all taxes assessed against the said property. . . . And in case of nonpayment, then the said grantee shall have power to sell said property. . . . And the proceeds of said sale shall be applied . . . second, to the payment of said debt and interest, taxes and insurance . . ."

Each of the notes contains this provision as to interest payments: ". . . with interest from date at the rate of 8 per cent. per annum until paid."

·. The undisputed testimony shows that the following payments were made on the debt and credited on note No. 1: "Jan. 31, 1925, $70.62; May 8, 1926, $5.42; Dec. 27, 1926, $5.42; April 18, 1927, $6.50; April 5, 1928, $150." Two other payments, one dated August 18, 1933, in the amount of $25, and the other March 21, 1936, for $15 appear upon this note. Appellee, Thomas W. Hankins, testified that these last two alleged payments were not made. Appellant Rich, on the other hand, testified positively that they were made, so that the testimony on this point appears to be in irreconcilable conflict.

The chancellor found (quoting from the decree): "That the original obligations being the subject of this action, consist of three notes, numbered one, two and three, note number one for the sum of $200 dated January 9, 1924, due January 9, 1925, has the following credits thereon: Paid upon the within Jan. 31, 1925, $70.62; paid upon the within May 8, 1926, $5.42; paid upon the within Dec. 27, 1926, $5.42; paid upon the within April 18, 1927, $6.50; paid upon the within April 5, 1928, $150; paid upon the within Aug. 18, 1933, $25; paid upon the within Mar. 21, 1936, $15.

"And that the above credits show that note number one was paid in full, and the credits that are given on said note show an excess of $17.93 was paid and credited on said note. Note number two for the sum of $200 dated January 9, 1924, due January 9, 1926, has no credits thereon and is therefore barred by limitation. Note number three for the sum of $100 dated January 9, 1924, due January 9, 1927, has no credits thereon and is therefore barred by limitation."

It is our view that the preponderance of the testimony is to the effect that the two payments in question were in fact made and that note No. 1 was overpaid in the amount of $17.93, but we cannot agree that notes No. 2 and No. 3 were barred by the five-year statute of limitation. Pope's Digest, § 8933.

Here we have one single, principal debt of $500 evidenced by the three notes in question. The debt was so treated in the deed of trust, which appellees executed, wherein it is said: "Whereas, we are justly indebted to J. W. Dozier in the sum of five hundred dollars . . ." and each of the three notes called for the payment of 8 per cent. interest annually from its date.

The rule, which we think applies here, is stated in 48 C. J. 663, § 122: "Where two or more debts are kept separate and distinct from each other, the law will apply partial payments to the satisfaction first of the interest, then of the principal of the debt first falling due, and, following that, first the interest, then the principal of each succeeding debt in order. But where there is in reality but one debt represented by different notes maturing at different times, the payment should first be applied to the interest due on the whole debt."

In the case of *Everton* v. *Day*, 66 Ark. 73, 48 S. W. 900, this court held (quoting headnote No. 2): "Where plaintiff settled part of his indebtedness on account to defendant by a note secured by a deed of trust, and thereafter made payments in excess of so much of the account as was not settled by note, all of which payments were by the creditor appropriated to the account, so much of the payments as was in excess of the unsecured account became a payment on the note, so that an action to foreclose the deed of trust, brought within five years thereafter, is not barred."

And in *Kansas City Life Insurance Co.* v. *Marsh, et al.*, 196 Ark. 1121, 121 S. W. 2d 81, we held (quoting headnote No. 8): "Where a mortgagor orally agreed to pay a mortgage indebtedness by monthly payments after debt was barred by statute of limitations, and payments were made to mortgagee's assignee, monthly payments

would be treated as payments on the whole debt existing at the time including interest, taxes, insurance and such charges, all secured by the mortgage with the notes as against contention that itemized statement showed that payment was applied on taxes and did not have effect of reviving notes."

In the light of the above authorities, we think that the payments, *supra,* were an acknowledgment of the entire indebtedness as a single debt and that the payments made should first have been credited to the interest on the entire indebtedness and not credited to any single note, and that the last payment, March 21, 1936, of $15 kept the debt alive and the five-year statute of limitation is not a bar to appellant's cause of action.

For the error indicated, the decree is reversed and the cause remanded with instructions to proceed in conformity with this opinion.